Louis Pospisil v. State of Nebraska.

Filed April 11, 1921.   No. 21528.

Burglary: Erroneous Instruction. In a prosecution for burglary or
    larceny, it is error to instruct the jury, when recently stolen goods
    are found in the exclusive possession of the defendant, that such
    circumstance is "presumptive, but not conclusive, evidence of de-
    fendant's guilt." The rule is that the exclusive possession of re-
    cently stolen property is a circumstance to be considered by the
    jury in connection with all other facts and circumstances in de-
    termining the defendant's guilt.

Error to the district court for Pierce county: William
V Allen, Judge. *Reversed.*

*O. S. Spillman,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason
Wheeler,* contra.

Day, J.

The information upon which defendant was tried con-
tained two counts—one charging burglary and the other
larceny. He was convicted of larceny and sentenced to a
term in the penitentiary under the provisions of the in-
determinate sentence law of the state. He prosecutes
error to this court.

A number of errors are assigned, but only one need be
considered. The main argument of defendant's counsel is
directed against the giving of instruction No. 5, which, it
is insisted, was erroneous and prejudicial to the rights of
the defendant. The instruction reads as follows:

"If you find from the evidence beyond a reasonable
doubt that, very shortly after the alleged burglary of the
storehouse of said Frank C. Holbert and Bruce Sires and
the larceny therefrom of the articles of personal property
or any part thereof described in the information, said
property or a portion thereof so stolen was found in the
exclusive possession of defendant, Louis Pospisil, you are
instructed that this circumstance, if so proved, is pre-

sumptive, but not conclusive, evidence of defendant's guilt."

Referring particularly to the latter part of the instruction, we are of the view that it is an inaccurate statement of the law and out of harmony with the rule to which this court is committed. By this instruction the jury were told, in effect, that, if the recently stolen goods were found in the exclusive possession of the defendant, such circumstance would raise the presumption of his guilt, but that such presumption was not conclusive. The rule adopted by this court with respect to the inference to be drawn from the exclusive possession of recently stolen goods goes no further than to hold that it is a circumstance to be considered by the jury in connection with all the other facts and circumstances in determining the defendant's guilt.

Our court is committed to the rule that in cases of larceny no such presumption exists, but that the effect to be given to the fact of possession of recently stolen goods is solely for the jury to determine, when considered in connection with all the other facts and circumstances in the case. In some jurisdictions the rule is as announced in the instruction, but in this state the exclusive possession of recently stolen goods is a circumstance to be considered by the jury in connection with all the other facts and circumstances in the case in determining the guilt of the accused.

In *Metz v. State*, 46 Neb. 547, the court passed upon an instruction alike in substance to the instruction now before the court. In passing upon the question the court said:

"The instruction under consideration is bad, for the reason it misdirected the jury as to the presumption arising from the possession of stolen property. In a prosecution for larceny, some of the courts say that the exclusive possession by the defendant of the property stolen recently after the theft, unexplained, is *prima facie* evidence of guilt. Other courts, including ours, lay down the

doctrine that in larceny cases no such presumption exists, but that the effect to be given to the fact of possession of stolen property is solely for the jury to determine, when considered in connection with all the other facts and circumstances disclosed on the trial."

The attorney general concedes that the instruction under consideration is within the criticism of the rule announced in *Metz v. State, supra,* but argues that the other rule is more in consonance with "common sense." However this may be, there is a strong reason for the rule as heretofore adopted by this court and we are not disposed to disturb it.

The other errors assigned relate to matters occurring at the trial, which may not again arise, and therefore will not be considered.

For the error of the instruction, which we hold to be prejudicial to defendant's rights, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.